Hand-Delivered

FILED
CHARLOTTE, NC

APR 24 2025

US DISTRICT COURT
WESTERN DISTRICT OF NC

IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF NORTH CAROLINA

CHARLOTTE DIVISION

---

Shaquesha Logan,

    Plaintiff

Vs.

Gardner-Webb University
Hunt School of Nursing
Dr. Karen Aubrey
Dr. Erin Montgomery, et al;

    Defendants

Civil Action No: 1:25-cv-122-MR

---

## COMPLAINT

**COMES NOW** the Plaintiff, Shaquesha Logan, by and through undersigned counsel, and files this Complaint against Defendants Gardner Webb University, Gardner-Webb University, Dr Aubrey, Dr. Montgomery, Dr Ivey, in their individual and official capacities, and see additional, showing the Court as follows:

## INTRODUCTION

1. This is an action for injunctive relief and damages arising from Defendants' violation of Plaintiff's constitutional due process rights, breach of contract, and other legal violations when they falsely accused Plaintiff of academic dishonesty, failed to provide adequate procedural protections, and wrongfully dismissed her from the nursing program, preventing her from completing her education and pursuing her chosen profession.

2. **This is an action brought under Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000d et seq., and the Equal Protection Clause of the Fourteenth Amendment to the**

United States Constitution through 42 U.S.C. § 1983, seeking compensatory damages, punitive damages, injunctive relief, and other appropriate remedies for the racial discrimination suffered by Plaintiff.

3. Plaintiff, an African American female student at Defendant University, was denied the opportunity to retake a class, while a similarly situated white student was permitted to retake the same class under substantially similar circumstances, demonstrating discriminatory treatment based on race.

4. Specifically, Plaintiff, Shaquesha Logan who is Black, alleges that Defendant Gardner-Webb University pursuant to 42 U.S.C. 1983, to remedy acts of intentional discrimination on the basis of race. That Gardner-Webb University discriminated against her by denying her the opportunity to retake a required course for her degree program, while allowing similarly situated white female student to retake the same course under substantially similar circumstances.

**JURISDICTION AND VENUE**

2. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 as **and 28 U.S.C. § 1343 (civil rights jurisdiction).** The Complaint involves federal questions arising under the Constitution and laws of the United States, including 42 U.S.C. § 1983.

3. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

4. This Court also has subject matter jurisdiction under 28 U.S.C. § 1332 (diversity jurisdiction) because:

a. Plaintiff is a citizen and resident of the State of South Carolina.

b. Defendant Gardner-Webb University is incorporated in the State of North Carolina with its principal place of business in the State of North Carolina.

c. Defendant Gardner-Webb University Hunt School of Nursing is an affiliate of Gardner-Webb University in the State of North Carolina with its principal place of business in the State of North Carolina.

d. Defendant Dr. Karen Aubrey is a citizen and resident of the State of North Carolina; and

5. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to this claim occurred within this judicial district, and the Defendant is located within the Western District of North Carolina, Charlotte Division.

**PARTIES**

6. Plaintiff Shaquesha Logan is a citizen and resident of Greenville County, South Carolina. At all times relevant to this Complaint, Plaintiff was a student in good standing at Gardner-Webb University's Hunt School of Nursing with satisfactory academic performance prior to the incidents described herein.

7. Defendant Gardner-Webb University and Hunt School of Nursing is an educational institution located in Shelby, Cleveland County, North Carolina, offering nursing degrees and programs.

8. Defendant Dr. Karen Aubrey is the Provost and Vice President for Academic Affairs of Gardner-Webb University and Defendant Dr. Karen Aubrey is sued in both individual and official capacities. At all relevant times, acted under color of state law.

9. Defendant Dr. Diane Betts is part of the Appeals Subcommittee of Gardner-Webb University and Defendant Dr. Diane Betts is sued in both individual and official capacities. At all relevant times, acted under color of state law.

10. Defendant Dr. Bob Bass is part of the Appeals Subcommittee of Gardner-Webb University and Defendant Dr. Bob Bass is sued in both individual and official capacities. At all relevant times, acted under color of state law.

11. Defendant Dr. Jay Zimmer is part of the Appeals Subcommittee of Gardner-Webb University and Defendant Dr. Jay Zimmer is sued in both individual and official capacities. At all relevant times, acted under color of state law.

12. Defendant Dr. Erin Montgomery is Assistant Professor, Hunt School of Nursing at Gardner-Webb University and Defendant Dr. Erin Montgomery is sued in both individual and official capacities. At all relevant times, acted under color of state law.

13. Defendant Dr. Jessica Ivey is Chair, Pre-Licensure Programs, Hunt School of Nursing at Gardner-Webb University and Defendant Dr. Jessica Ivey is sued in both individual and official capacities. At all relevant times, acted under color of state law.

14. Defendant Dr. Tracy Arnold, Director, Hunt School of Nursing at Gardner-Webb University and Defendant Dr. Tracy Arnold is sued in both individual and official capacities. At all relevant times, acted under color of state law.

15. Defendants Dr Erin Montgomery, Assistant Professor Hunt School of Nursing; Dr. Jessica Ivey, Chair Pre-Licensure Programs, Hunt School of Nursing, Dr. Tracy Arnold, Director, Hunt School of Nursing, Dr. Diane Betts Appeals Subcommittee, Dr. Bob Bass, Appeals

Subcommittee, Dr. Jay Zimmer, Appeals subcommittee, Mrs. Lou Ann Scates, Registrar all collectively played a part in the events complained of here.

## FACTUAL ALLEGATIONS

9. At all times relevant to this Complaint, Plaintiff was enrolled in the Gardner-Webb University Hunt School of Nursing with the intention of becoming a licensed nurse (BSN).

10. Prior to attending Gardner-Webb University and prior to the incidents described herein, while at Presbyterian University, Plaintiff maintained at 3.0 GPA, prior to attending Presbyterian University, while at Spartanburg Community College, the Plaintiff maintained a 4.0 GPA satisfactory academic standing and had no prior disciplinary issues or academic integrity violations. The same is said for Plaintiff while attending Gardner-Webb University prior to this incident, Plaintiff had satisfactory academic standing and had no prior disciplinary issues or integrity violations.

11. On or about April 2023, Plaintiff and several of her peers were accused of cheating in their NUR 461 class. The name of the student accuser was not given, this student who alleged that "several students were cheating, including Ms. Logan" has not been identified.

12. This Plaintiff categorically denies these allegations and maintains that she did not engage in any form of academic dishonesty.

13. Plaintiff failed a second critical exam and requested to retake the exam along with the similarly situated white student.

14. The cheating allegations and investigations caused the Plaintiff an unreasonable amount of stress, same as for the white female student.

15. Multiple meetings were held in several of the Staff's offices. The Plaintiff and the white student appeared at the same time throughout the investigations, side by side.

16. At the conclusion of the exam, both the Plaintiff and the female white student failed the second critical exam.

17. Both students wrote to the Provost and the Professors for an opportunity to retake the exam.

18. Both appealed the first findings, however, the white female student was allowed to retake the class and earn her nursing credentials whereas the Plaintiff, a black female was denied a second time and dismissed from the nursing program.

19. Regarding the cheating allegations, on several occasions, Plaintiff received either texts, or written notice from Defendant Dr. Ivey and Dr. Montgomery accusing her of academic dishonesty and scheduling a disciplinary hearing.

20. The notice failed to adequately describe the specific allegations against Plaintiff, the evidence supporting these allegations, or the potential consequences she faced.

21. During the hearing, Defendants:

    a. Failed to provide Plaintiff with adequate notice of the evidence against her;

    b. Did not allow Plaintiff to present witnesses or evidence in her defense;

    c. Did not permit Plaintiff to confront or cross-examine her accuser(s);

    d. Failed to provide an impartial decision-maker; and

    e. Did not create or maintain an adequate record of the proceedings.

22. Defendants notified Plaintiff of their decision finding that there was not sufficient evidence for academic dishonesty and arbitrarily imposing the sanction of dismissal from the nursing program. The Staff at Gardner-Webb University used alternative methods to not allowing Plaintiff the same benefit of the white student, to effectively end her nursing education at the institution.

23. The decision was seemingly based on the Plaintiff's failure to pass the second critical exam; however, the Plaintiff believes this was retaliatory for the cheating scandal for which the evidence and statements of a student accuser, was insufficient to support a finding of academic dishonesty under the preponderance of evidence standard required by the school's own policies. In doing so Gardner-Webb University unfairly dismissed Plaintiff from the Hunt School of Nursing Program..

24. The Plaintiff promptly appealed the decision pursuant to the school's policies, raising concerns about the procedural deficiencies and lack of substantial evidence supporting the finding.

25. On June 26, 2023, Defendants denied Plaintiff's appeal without adequately addressing the substantive concerns raised by her explanation for failing the second critical exam.

26. As a direct result of Defendants' unfair and bias actions, Plaintiff:

   a. Was unable to complete her nursing education;

   b. Has been prevented from pursuing her chosen career;

   c. Has lost substantial tuition payments and educational expenses;

   d. Has incurred additional educational expenses to pursue alternative education;

e. Has suffered damage to her academic and professional reputation; and

f. Has experienced significant emotional distress, including anxiety and depression.

27. Defendants' handling of the allegations against Plaintiff violated both their own published policies and procedures and Plaintiff's constitutional and contractual rights.

This is an action brought under Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000d et seq., and the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution through 42 U.S.C. § 1983, seeking compensatory damages.

**EXHAUSTION OF ADMINISTRATIVE REMEDIES**

Prior to filing this lawsuit, Plaintiff exhausted all administrative remedies at the University level.

28. Upon information and belief, during the same academic period, Macie Putman, a white student enrolled in the same course, also experienced the exact allegations and results for failing the second exam.

29. Upon information and belief, on or about June 2023, the white student's request to retake the course was approved.

30. The circumstances surrounding both students' performances in the class and their requests to retake the course were substantially similar, with no legitimate academic or other non-discriminatory reason to justify different treatment.

31. Upon their decision to approve the white student to retake the exam, the University forced the white student to sign a Non-Disclosure Agreement, NDA. This is improper and suspect at the least.

32. Plaintiff believes and alleges that the denial of her request to retake the course, while granting permission to a similarly situated white student, constitutes discrimination on the basis of race.

## CAUSES OF ACTION

## COUNT I: VIOLATION OF TITLE VI OF THE CIVIL RIGHTS ACT OF 1964, 42 U.S.C. § 2000d

33. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

34. Title VI of the Civil Rights Act of 1964 prohibits discrimination on the basis of race, color, or national origin in programs and activities receiving federal financial assistance.

35. Defendant is a recipient of federal financial assistance.

36. By denying Plaintiff the opportunity to retake NUR 461 while permitting a similarly situated white student to do so, Defendant discriminated against Plaintiff on the basis of race.

37. The Fourth Circuit has consistently held that educational institutions receiving federal funds must not discriminate on the basis of race in academic decisions. See Gupta v. East Carolina University, 3 F.4th 636, 649 (4th Cir. 2021); Bhatti v. Trustees of Boston University, 659 F.3d 64, 73 (4th Cir. 2011); and Williams v. Hansen, 326 F.3d 569, 584 (4th Cir. 2003).

38. As a direct and proximate result of Defendant's discriminatory conduct, Plaintiff has suffered and continues to suffer damages including but not limited to: academic setbacks,

delay in academic progress, emotional distress, mental anguish, humiliation, and damage to her educational and career prospects.

## COUNT II: VIOLATION OF THE EQUAL PROTECTION CLAUSE OF THE FOURTEENTH AMENDMENT, 42 U.S.C. § 1983

39. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

40. The Equal Protection Clause of the Fourteenth Amendment prohibits state actors from denying any person within their jurisdiction the equal protection of the laws.

41. This differential treatment was intentional and had no legitimate educational or other non-discriminatory justification.

42. The Fourth Circuit has established that educational institutions that engage in intentional discrimination violate clearly established constitutional rights. See Farmer v. Ramsay, 43 F. App'x 547, 553 (4th Cir. 2002); Dixon v. University of North Carolina, 673 F. Supp. 1502, 1508 (M.D.N.C. 1987), aff'd, 886 F.2d 1315 (4th Cir. 1989).

43. As a direct and proximate result of Defendant's discriminatory conduct, Plaintiff has suffered and continues to suffer damages as previously described.

## COUNT III: VIOLATION OF PROCEDURAL DUE PROCESS
## 42U.S.C. § 1983

44. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

45. Plaintiff had a protected property interest in continuing her education at Hunt School of Nursing and completing the nursing program in which she was enrolled. See Goss v. Lopez, 419 U.S. 565, 574 (1975) (recognizing students' property interest in public education);

Dixon v. Alabama State Bd. of Educ., 294 F.2d 150, 157 (5th Cir. 1961) (establishing due process requirements for student disciplinary proceedings).

46. Plaintiff also had a protected liberty interest in her good name, reputation, and future employment opportunities in the nursing profession. See Wisconsin v. Constantineau, 400 U.S. 433, 437 (1971) (recognizing liberty interest in reputation); Bd. of Regents v. Roth, 408 U.S. 564, 573 (1972) (discussing liberty interest in pursuing chosen profession).

47. Defendants, acting under color of state law, deprived Plaintiff of these protected interests without providing constitutionally adequate procedural due process.

48. The procedural protections provided to Plaintiff fell significantly below the constitutional minimum required in academic dishonesty proceedings that can result in dismissal from an educational program. See Mathews v. Eldridge, 424 U.S. 319, 335 (1976) (establishing balancing test for procedural due process); Flaim v. Medical College of Ohio, 418 F.3d 629, 635-37 (6th Cir. 2005) (discussing due process requirements in academic disciplinary proceedings).

49. Specifically, Defendants failed to provide: a. Adequate notice of the charges and evidence; b. A meaningful opportunity to be heard before an impartial decision-maker; c. The right to present evidence and witnesses; d. The right to confront adverse witnesses; and e. A decision based on substantial evidence.

50. As a direct and proximate result of Defendants' violation of her constitutional rights, Plaintiff has suffered damages as previously described.

## COUNT IV: BREACH OF CONTRACT

51. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

52. A contractual relationship existed between Plaintiff and Hunt School of Nursing based on Plaintiff's enrollment, payment of tuition, and the school's academic policies, procedures, handbooks, and other materials provided to students. See Ryan v. University of N.C. Hosps., 168 N.C. App. 729, 733, 609 S.E.2d 498, 501 (2005) (recognizing that the relationship between a student and a university can be contractual in nature).

53. The Gardner-Webb University Student Handbook, Code of Conduct, and related materials constitute binding contractual obligations between the institution and its students, including specific procedures for handling allegations of academic dishonesty.

54. These contractual materials promise students specific procedural protections, including "the right to receive written notice of charges," "the right to present evidence," etc.].

55. Defendants materially breached these contractual obligations by failing to follow their own established procedures when investigating and adjudicating the allegations against Plaintiff.

56. As a direct and proximate result of Defendants' breach of contract, Plaintiff has suffered damages including lost tuition, additional educational expenses, delayed career entry, and emotional distress.

# COUNT V: VIOLATION OF TITLE IX OF THE EDUCATION AMENDMENTS OF 1972

# 20 U.S.C. § 1681 et seq.

(If gender discrimination is relevant)

57. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

58. Title IX prohibits discrimination on the basis of sex in education programs receiving federal financial assistance.

59. Upon information and belief, Gardner-Webb University Hunt School of Nursing receives federal financial assistance and is subject to Title IX.

60. Defendants' actions in investigating, adjudicating, and punishing Plaintiff were influenced by gender bias, as evidenced by the outcome presented.

61. As a direct and proximate result of Defendants' gender discrimination in violation of Title IX, Plaintiff has suffered damages.

# COUNT VI: NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

62 .Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

63   Defendants owed Plaintiff a duty of care to conduct disciplinary proceedings fairly and in accordance with established procedures.

64. Defendants negligently breached this duty through their handling of the allegations against Plaintiff.

65. It was reasonably foreseeable that Defendants' negligent conduct would cause severe emotional distress to Plaintiff.

66. As a direct and proximate result of Defendants' negligence, Plaintiff has suffered severe emotional distress, including anxiety, depression, humiliation, and loss of enjoyment of life. See Johnson v. Ruark Obstetrics, 327 N.C. 283, 395 S.E.2d 85 (1990) (establishing requirements for negligent infliction of emotional distress claims in North Carolina).

## COUNT VII: DECLARATORY JUDGMENT

**28 .S.C. § 2201**

67. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.
68. An actual controversy exists between Plaintiff and Defendants regarding the propriety of the disciplinary proceedings and the resulting dismissal from the nursing program.
69. Plaintiff seeks a declaratory judgment that:

    a. The disciplinary proceedings violated Plaintiff's constitutional due process rights;

    b. The finding of academic dishonesty was not supported by substantial evidence; and

    c. The disciplinary proceedings violated the institution's own policies and procedures.

# PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

a. Enter judgment in favor of Plaintiff and against Defendants on all counts;

b. Issue a declaratory judgment that Defendants violated Plaintiff's due process rights and breached their contractual obligations;

c. Order Defendants to grant Plaintiff same benefit given to white student; **issue an Order that the NDA to be revealed.**

d. Order Defendants to reinstate Plaintiff to the nursing program with appropriate accommodation to allow her to complete her degree;

e. Award Plaintiff compensatory damages in an amount to be determined at trial, including but not limited to:

  i. Refund of tuition and educational expenses;

  ii. Additional costs incurred for alternative education;

  iii. Lost future earnings; and

  iv. Damages for emotional distress and reputational harm;

f. Award Plaintiff punitive damages against the individual Defendants in their individual capacities;

g. Award Plaintiff reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 1988; and

h. Grant such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable.

Respectfully submitted this __10th__ day of April, 2025.

s/ *Shaquesha Logan*
Shaquesha Logan-Plaintiff
1505 Crowell Cir. Apt 2303
Greer, South Carolina 29650
shaqueshalogan@yahoo.com
864-347-0145